## SETTLEMENT AGREEMENT

Geraldo Rodriguez ("Plaintiff"), on the one hand, and CRA 560 West 192nd Street, LLC ("CRA 560") and TriNet HR XI, Inc. ("TriNet") (collectively "Defendants"), on the other hand, agree that:

1. **Definition of Parties.**

    (a) "Releasors" is defined as Plaintiff and includes each of his present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns. If an obligation or right is that of Plaintiff alone, he will be referred to as "Plaintiff";

    (b) "Released Parties" is defined to include Defendants and each of their respective present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees to draft and jointly, with Defendants, submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all Wage and Hour Claims that Plaintiff has or may have in the future through the date of execution of this Agreement, including but not limited to the claims he has asserted in the matter of <u>Rodriguez v. CRA 560 West 192nd Street, LLC et al.</u>, 23-CV-05675 (ALC)(BCM) pending in the United States District Court Southern District of New York (the "Action").

3. **Release of All Wage and Hour Claims.**

    (a) Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended ("FLSA"), and related regulations, the New York Labor Law ("NYLL") and related regulations promulgated by the NYS Commissioner of Labor, for any and all wage-and-hour claims and claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiff's employment with CRA 560 West 192nd Street, LLC and/or TriNet, up to and including the date Plaintiff executes this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors may assert anywhere in the world against the Releasees, or any of them including but not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to make timely wage payments, failure to provide required notices and/or wage statements, back pay, liquidated damages, interest, under any federal, state or local laws ("Wage and Hour Claims").

Doc ID: ee3939cf9a66437d0106fe2702304664b7c1fc0a

(b) <u>Collective/Class Action Waiver</u>. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party. In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c) Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff and subject to the United States District Court Southern District of New York's (the "Court") approval of this Agreement, Defendants agree to pay to Plaintiff the gross total sum of Fifty-Two Thousand Dollars ($52,000.00) (the "Payment") with CRA 560 responsible for paying $42,000.00 and TriNet responsible for paying $10,000.00 as follows:

(i) Within fourteen (14) days after the Court approves this Agreement and dismisses the Action, Payment shall be made as follows:

1. One check from CRA 560 payable to Plaintiff in the amount of $8,899.50, less applicable withholdings, for which a Form W-2 shall be issued. 

2. One check payable to Plaintiff in the total amount of $8,899.50, for which a Form 1099-MISC (Box 3) shall be issued; and 

3. $17,701 for attorneys' fees ($17,149) and costs ($552) payable to Abdul Hassan Law Group, PLLC. TriNet will pay $10,000 of this amount and upon receipt, Plaintiff's counsel shall file with the Court a Stipulation of Dismissal as to TriNet only. CRA 560 will pay the remaining amount of $7,701. 

(ii) On or before the later of (1) seventy-five (75) days after the Court approves this Agreement and dismisses the Action or (2) fourteen (14) days after the Plaintiff vacates from living at the premises located at 560 West 192nd Street, New York, NY in accordance with paragraph "5" below, Payment shall be made as follows:

1. One check from CRA 560 payable to Plaintiff in the amount of $8,250.00, less applicable withholdings, for which a Form W-2 shall be issued; and 

2

Doc ID: ee3939cf9a66437d0106fe2702304664b7c1fc0a

2. One check payable by CRA 560 to Plaintiff in the amount of $8,250.00, for which a Form 1099-MISC (Box 3) shall be issued; and 

(b)     The Payments shall be sent to Abdul Hassan Law Group, PLLC.

(c)     Abdul Hassan Law Group, PLLC shall be provided with a Form 1099 for the portion of the Payment payable as attorney's fees and costs.

(d)     The Payment is in consideration of a complete settlement, release and waiver of all Wage and Hour Claims, known or unknown, asserted or unasserted, that Releasor may have against Released Parties.

(e)     The parties agree that 50% of all monies paid to Plaintiff shall constitute wages, for which an IRS Form W-2 shall be issued and 50% constitute liquidated damages and interest, for which an IRS Form 1099 shall be issued. Plaintiff shall receive from Defendants, and Defendants shall file with the Internal Revenue Service, a Form W-2 and a Form 1099 reflecting payment to Plaintiff of that portion of the Payment designated as wages or liquidated damages and interest, respectively, which was received by Plaintiff in the prior calendar year. Regardless of any tax withholding or other deductions, Plaintiff must ensure that all of his tax obligations relating to the Payment properly are paid.  In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of the Payment, such taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Plaintiff, who agrees to hold harmless and indemnify Released Parties from any tax-related liability.

(f)     If there is a default in making the payments herein, Plaintiff or his counsel, will give the defaulting party (either  CRA 560 or TriNet)  written notice of said default, by sending a notice of default by email to Defendant's attorneys **Mr. Matthew Brown, Esq.** at. matt@mllaborlaw.com and Mr. David Strand, Esq. at dstrand@fisherphillips.com**. The defaulting party** will have ten (10) days from receipt of such notice to cure the default. If the defaulting party  does not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against the defaulting party  in the amount of 150% of the unpaid amount   owed by the defaulting party  at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

(g)     Plaintiff's employment with Defendants ended and he was laid off on December 31, 2023. CRA 560 West 192nd Street, LLC and/or TriNet HR XI, Inc.  as well as any entity or person acting on their behalf or under their control or ownership, shall not object to, oppose, challenge, contest or appeal Plaintiffs application or receipt of unemployment insurance benefits.

(h)     CRA 560 knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims by CRA 560 for back payments for rent and occupancy of the Apartment covering the period from the beginning of Plaintiff's employment through the

Doc ID: ee3939cf9a66437d0106fe2702304664b7c1fc0a

Surrender Date which is seventy-five (75) days after the Court in the Action approves this Agreement.

5. **Vacatur of Apartment.** Plaintiff shall be entitled to continue residing free of rent and costs in the apartment located at 560 West 192nd Street, New York, NY 10040 until seventy-five (75) days after the Court in this action approves the Settlement Agreement after which: (i) Plaintiff shall forever surrender all rights to possession, use, occupancy, or tenancy to the superintendent apartment he currently occupies at 560 West 192nd Street, New York, NY (the "Apartment"), (ii) Plaintiff has not assigned, transferred, or subleased his rights in the Apartment to anyone and has not entered into any lease, assignment, sublease, license, occupancy, possession, or any other agreement granting any occupancy or possessory rights with respect to the Apartment and no other party has or claims to have any interest in the Apartment by or through Plaintiff, and any rights that anyone else may have had through Plaintiff will terminate upon Plaintiff's vacatur of the Apartment, (iii) Plaintiff shall deliver the Apartment in broom-clean condition, vacant of all occupants, and shall remove all personal property from the Apartment and shall remove all his personal belongings which he has caused to be stored in the basement and/ or storage room and/ or basement office and shall abandon any claims to any property remaining in the Apartment, basement, storage room and/or basement office, and (iv) surrender shall be effectuated at the premises on a date and time certain as agreed to prior by the parties by Plaintiff delivery all keys in his possession to the Apartment, the common areas of the premises including the front entry door to the premises, and all rooms which Plaintiff previously had access to by a key including boiler room, basement if any, storage room, and basement office. CRA 560's agent shall provide Plaintiff with a receipt for all keys received. If Plaintiff remains in the apartment after the deadline to vacate the apartment, provided Defendants otherwise comply with this Agreement, Plaintiff shall be named in an eviction proceeding wherein CRA 560 shall be seek a judgment in possession and the issuance of a warrant of eviction plus a money judgment against Plaintiff for reasonable use and occupancy at the rate of $100 per day through the date Plaintiff is evicted to first be set-off against the portion of the Payment outlined in Paragraph 4(a)(ii) (the "Second Installment"). For example, if Plaintiff overstays by five (5), days, Defendants will be entitled to withhold $500 from the portion of the "Second Installment" and then pay the remaining portion of the Second Installment to Plaintiff.

6. **Settlement Approval.**

Plaintiff shall draft and shall file a motion for court approval which shall be submitted to the Court. This agreement is contingent upon the Court's approval of this Agreement and dismissal of the Complaint, with prejudice.

7. **Non-Admission of Wrongdoing.** Released Parties deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Released Parties of guilt or noncompliance with the wage and hour laws.

8. **Communication with Tenants**. Any communication by Plaintiff with tenants in the premises shall cease as of the Separation Date, and Plaintiff further agrees to refer tenants to management as the only means of communication related to complaints by tenants or needs of tenants related to building maintenance and repairs.

9. **Attorney Liens**. Plaintiff represents and warrants that all legal expenses, bills, costs or contingency fee agreements resulting from or arising out of the representation of Plaintiff by any attorney in relation to the claims raised in the Action are Plaintiff's responsibility to pay, and that any liens based on any legal expenses, bills, costs or contingency fee agreements incurred as a result of the claims will be satisfied by Plaintiff. Plaintiff will indemnify, defend and hold Releasees harmless from any such claims.

10. **Resolution of Disputes.** The Court shall retain and have authority and jurisdiction over any controversy or claim relating to this Agreement.

11. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

12. **Section Headings**. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

13. **Entire Agreement.**

    (a) This Agreement represents the complete understanding among the Parties with respect to all Wage and Hour Claims that Plaintiff has or may assert against Released Parties and shall be interpreted under New York law, without regard to its conflict or choice of law provisions.

    (b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement.

    (c) Plaintiff acknowledges he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

14. **Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary release of all Wage and Hour Claims and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the

right to settle his FLSA claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

       15.   **Execution.**

       (a)   The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Abdul Hassan Law Group, PLLC. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all Wage and Hour Claims that he could possibly have against Released Parties. Plaintiff selected his counsel voluntarily.

       (b)   Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement.

       (c)   This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding until after this agreement is executed by Plaintiff and Defendants and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, GERALDO RODRIGUEZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 01 / 03 / 2024, 2023   By: _Geraldo R_ (signature)
                              Geraldo Rodriguez

CRA 560 West 192nd Street, LLC

Dated: January 2, 2024, ~~2023~~   By: (signature)

TriNet HR XI, Inc.

Dated: January 3, 2024, 2023   By: (signature)

Doc ID: ee3939cf9a66437d0106fe2702304664b7c1fc0a